IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELIEZER ALEMAN,<br>　　#48153-177,<br>　　　　Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>　　　　Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>CIVIL NO. 3:20-CV-232-K<br>(CRIMINAL NO. 3:14-CR-221-K-3) |

**MEMORANDUM OPINION AND ORDER**

Movant Eliezer Aleman ("Aleman") filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. As detailed herein, the motion to vacate sentence is summarily **DISMISSED WITH PREJUDICE** as time barred. *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDING ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

I.   BACKGROUND

In 2014, Aleman pled guilty to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine and, on September 23, 2015, he was sentenced to 198 months of imprisonment and a four-year term of supervised released. *United States v. Aleman*, 3:14-CR-221-K-3 (N.D. Tex. Sep. 23, 2015); Crim. Doc. 434. Aleman did not appeal. On January 19, 2016, he unsuccessfully filed a motion to reduce

sentenced based on the 2014 retroactive amendments to the United States Sentencing Guidelines. Crim. Doc. 453-454. Then on January 28, 2020, he filed this Section 2255 motion challenging the enhancement of his sentence and asserting ineffective assistance of counsel during the guilty plea proceedings and for failing to file a timely notice of appeal. Doc. 1 at 4-8; Doc. 2 at 3-13.

Because Aleman's § 2255 motion appeared untimely, the Court directed him to respond regarding the application of the one-year limitations period, which he has now done. Doc. 4-5. After review of all pleadings and the applicable law, the Court concludes that Aleman's motion is barred by the applicable limitations period and should be dismissed.

## II. ANALYSIS

### A. The Section 2255 Motion is Time Barred

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f). Aleman does not allege any facts that could trigger a starting date under Sections 2255(f)(2) through (f)(4) and appears to rely instead on § 2255(f)(1). Under that section, the limitations period begins to run when the judgment of conviction becomes final. A judgment becomes final when the applicable period for seeking direct review of a conviction has expired. *Clay v. United*

*States*, 537 U.S. 522, 525 (2003).

Aleman's conviction became final on October 7, 2015, the last day on which he could have filed a timely direct appeal from the September 23, 2015 judgment. FED. R. APP. P. 4(b)(1)(A) (providing 14 days to file a notice of appeal). The one-year limitations period for seeking § 2255 relief therefore commenced on that date, and Aleman's Section 2255 motion was due by September 23, 2016. Because Aleman did not certify placing his § 2255 motion in the prison mailbox until January 23, 2020—the earliest possible date on which his § 2255 motion can be deemed filed under the mailbox rule—the motion is untimely absent equitable tolling. Doc. 1 at 13; Rule 3(d) of the Rules Governing Section 2255 Proceedings (applying the "mailbox rule" to inmates who use the jail/prison's mail system).

### B. No Basis for Equitable Tolling

Aleman's filings, even when liberally construed in accordance with his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. A movant is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotations and quoted case omitted); *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 (2016) ("[T]he second prong of the equitable

tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control.") (emphasis in original).  However, equitable tolling is an extraordinary remedy limited to "rare and exceptional circumstances." *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016).

> Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.  [T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect.  Unfamiliarity with the legal process does not justify equitable tolling.

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam) (internal citations and quotation marks omitted).

Moreover, equitable tolling requires a litigant to pursue his rights with "reasonable diligence."  *Holland*, 560 U.S. at 653 (internal citations and quotation marks omitted).  But the courts have "repeatedly emphasized that equitable tolling is not available to 'those who sleep on their rights.'"  *Wickware v. Thaler*, 404 F. App'x 856, 861 (5th Cir. 2010) (per curiam) (quoted case omitted).  And unexplained delays do not evince due diligence or rare and extraordinary circumstances.  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Aleman's arguments in favor of equitable tolling are unpersuasive.  He asserts his § 2255 motion "is timely filed" because defense counsel "fail[ed] to file a timely notice of appeal."  Doc. 1 at 12; *see also* Doc. 5 at 2.  But Aleman did not pursue the

habeas "process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). As previously noted, he squandered the entire one-year period for filing his § 2255 motion. Indeed, Aleman waited more than three years from the date his conviction became final to mail his § 2255 motion. And he does not allege that he was actively misled about his habeas remedies or that he was prevented in some extraordinary way from asserting his rights.

Aleman contends that he wrote his attorney two times on unspecified dates inquiring about his appeal but received no response. Doc. 5 at 2. His wife allegedly "made numerous attempts . . . to contact [Aleman's] Attorney," again on unspecified dates, and counsel did not return her calls either. Doc. 5 at 1. However, counsel's purported failure to respond to Aleman's letters and his wife's calls do not constitute the kind of egregious behavior that excuses Aleman's failure to timely assert his habeas rights. Equitable tolling applies principally where a petitioner is <u>actively</u> misled by his attorney or someone else. *See Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (citations omitted); *Williams v. Thaler*, 400 F. App'x 886, 892 (5th Cir. 2010). And "ineffective assistance of counsel is irrelevant to the tolling decision because a prisoner has no right to counsel during post-conviction proceedings." *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008).

Additionally, extended periods of inactivity, as in this case, clearly indicate a

lack of due diligence. Likewise, unexplained delays neither evince due diligence or rare and extraordinary circumstances. *See Fisher*, 174 F.3d at 715 ("[E]quity is not intended for those who sleep on their rights." (quotation and quoted case omitted)). Further, neither Aleman's *pro se* status nor his unfamiliarity with the law rises to the level of a rare or exceptional circumstance that would warrant equitable tolling. *See Petty*, 530 F.3d at 365-66. Based on the above, the Court cannot find that extraordinary circumstances prevented Aleman from timely filing his § 2255 motion.

Accordingly, the Court concludes that Aleman has plainly failed to carry his burden of establishing that equitable tolling is warranted in this case. *Petty*, 530 F.3d 361, 365 (party seeking equitable tolling has burden of showing entitlement to such tolling).

### III. CONCLUSION

Accordingly, the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2255(f); Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDING.

SO ORDERED.

Signed June 10th, 2021.

*Ed Kinkeade*
ED KINKEADE
UNITED STATE DISTRICT JUDGE